IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00245-BNB

BRIAN STANLEY SPICER,

    Plaintiff,

v.

AURARIA CAMPUS BOOKSTORE,

    Defendant.

ORDER TO FILE AMENDED COMPLAINT

    Plaintiff, Brian Stanley Spicer, has filed *pro se* a Complaint asserting that the Defendant discriminated against him on the basis of his disability. Mr. Spicer has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court will construe the Complaint liberally because Mr. Spicer is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

    In the Complaint, Mr. Spicer asserts that the Defendant has banned him from entering the Auraria Campus Bookstore and prevented him from purchasing a calculator on his "disabled Veteran AR account." Complaint at 4. The Complaint purports to assert the following federal claims for relief against the Defendant: (1) race discrimination, in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a; and (2) disability discrimination, in violation of Title III of the Americans with Disabilities

Act of 1990 ("ADA"), 42 U.S.C. § 12182.  Mr. Spicer seeks monetary and injunctive relief against the Defendants.  The Court has reviewed the Complaint and finds it to be deficient, for the reasons outlined below.

As a preliminary matter, the Court notes that Mr. Spicer refers to exhibits A, B, and C as providing factual support for his claims.  *See* Complaint, p. 3.  These exhibits are purportedly attached to the Complaint.  However, Mr. Spicer has failed to submit exhibits A, B, and C to the Court.  There is a single letter, dated January 11, 2012, attached to the Complaint, but it does not appear to be one of the exhibits to which Mr. Spicer refers.  Therefore, Mr. Spicer is directed to clarify whether he intends to submit exhibits in support of his claims.

Next, Mr. Spicer claims that the Defendant violated 42 U.S.C. § 2000a, which prohibits discrimination by places of public accommodation.  However, Mr. Spicer fails to allege that he was denied access to a place of public accommodation "on the ground of race, color, religion or national origin."  42 U.S.C. § 2000a; *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 n. 5 (1970).  In the Amended Complaint, Mr. Spicer is directed to clarify the basis for his claim of discriminatory conduct under 42 U.S.C. § 2000a.

Mr. Spicer is further advised that before filing suit under 42 U.S.C. § 2000a, a plaintiff must give written notice of the alleged act of discrimination to the appropriate state or local agency.  *See* 42 U.S.C. § 2000a-3(c) (requiring thirty days notice to appropriate agency when state law prohibits discriminatory practices in places of public accommodation); *see also White v. Denny's Inc.,* 918 F. Supp. 1418, 1423 (D. Colo. 1996).  Colorado prohibits discrimination in places of public accommodation.  *See*

COLO. REV. STAT. ("C.R.S.") §§ 24-34-601 to 24-34-602 (2008).  A notice of discrimination must be filed with the Colorado Civil Rights Commission.  *See* C.R.S. §§ 24-34-301 to 24-34-307 (2008).  Mr. Spicer does not allege, or provide documentation to show, that he filed a notice with the Colorado Civil Rights Commission before instituting this action.

Mr. Spicer also alleges that Defendant violated Title III of the ADA, which prohibits discrimination against persons with disabilities in places of public accommodation.  *See* 42 U.S.C. § 12182(a); *Colorado Cross Disability Coalition v. Hermanson Family Ltd. P'ship I,* 264 F.3d 999, 1001 (10th Cir. 2001).  However, Mr. Spicer fails to allege that he is disabled within the meaning of the ADA.  Mr. Spicer is directed to clarify the basis for his claim of discrimination under the ADA in the Amended Complaint.  Mr. Spicer is further advised that the notice provisions applicable to his Title II Civil Rights Act claim apply as well to his claim that Defendant violated Title III of the ADA.  *See*  42 U.S.C. § 12188(a)(1) (incorporating remedies and procedures set forth in 42 U.S.C. § 2000a-3(a), which in turn is limited by the notification requirement of § 2000a-3(c)); *see also Howard v. Cherry Hills Cutters, Inc.,* 979 F. Supp. 1307, 1309 (D. Colo. 1997).

Finally, Mr. Spicer is cautioned that Title III limits the remedy of a private claim to injunctive relief.  *See* 42 U.S.C. § 12188(a)(1); *see also Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2nd Cir. 2004) (explaining that "[a] private individual may only obtain injunctive relief for violations of a right granted under Title III").  Therefore, Mr. Spicer may not seek monetary damages under Title III.  Accordingly, it is

ORDERED that Plaintiff, Brian S. Spicer, file within **thirty (30) days** from the date of this order, an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr. Spicer shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Spicer fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and this action will be dismissed without further notice.

DATED March 5, 2012, at Denver, Colorado.

                          BY THE COURT:

                          s/ Boyd N. Boland
                          United States Magistrate Judge